# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DELIA VILLANUEVA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | Case No. 1:18-cv-00004-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

  This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his applications for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 9, 10).

  At a hearing on December 18, 2018, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

Plaintiff challenges the ALJ's RFC as not supported by substantial evidence because the ALJ's reasons for discounting the opinions of two treating physicians and the testimony of the Plaintiff were legally insufficient.

First, Plaintiff challenges the ALJ's treatment of the opinion of treating psychiatrist, Dr. Rambo. Dr. Rambo submitted a mental disorder questionnaire for evaluation of ability to work in Exhibit 14F. (A.R. 629). In that questionnaire, Dr. Rambo gave her opinions including that Plaintiff had various significant mental impairments, including in concentration and judgment, and had hallucinations, delusional or paranoid thoughts, and mood swings that would impair Plaintiff's ability to work a full-time job. (A.R. 629). The ALJ did not include limitations consistent with this opinion in the RFC. (A.R. 25).

According to the Ninth Circuit,

> more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant. *Winans v. Bowen,* 853 F.2d 643, 647 (9th Cir.1987). At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan,* 923 F.2d 1391, 1396 (9th Cir.1991). We have also held that "clear and convincing" reasons are required to reject the treating doctor's ultimate conclusions. *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir.1988). Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing.

*Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995), *as amended* (Apr. 9, 1996).

Here, state agency physicians contradicted the opinion of Dr. Rambo, albeit based on medical data before Plaintiff's psychiatric hospitalization. Accordingly, the Court looks to whether the ALJ's rejection of Dr. Rambo's opinion was supported by specific and legitimate reasons supported by substantial evidence in the record.

The ALJ gave the following reasons for rejecting the opinion of Dr. Rambo:

> This opinion was entirely inconsistent with the medical record. For example, on January 22, 2016, Dr. Rambo noted that the claimant spent her days engaged in crochet, watching television, talking with her 12-year old nephew, and sleeping. The claimant did not have access to a car during the daytime, which limited her activities. The claimant reports that she felt better (engaged in life, motivated) several years ago when she was working as a nurse. The claimant stated that her nursing license was still active but the claimant was unable to work due to medical

> issues (chronic neuropathic pain due to diabetes). The claimant reported that
> things had been going better and the voices had stopped. She was still a bit
> depressed (Exhibit 11F, p. 11).

(A.R. 32).

As an initial matter, the ALJ's statement that Dr. Rambo's opinion was "entirely inconsistent with the medical record," without any citation to the record, alone is not sufficiently specific to support the ALJ's conclusion.

The ALJ's reasons immediately following this statement—listing daily activities including crochet, watching television, sleeping; noting that Plaintiff does not have a car during the day and that she felt better when she was working as a nurse; and referencing Plaintiff's statements about being unable to work now—are sufficiently specific, yet do not support the ALJ's conclusion. These statements are merely a recitation of certain parts of the record, and are either not relevant or consistent with Dr. Rambo's opinion.

The ALJ's last reason, that "[t]he claimant reported that things had been going better and the voices had stopped. She was still a bit depressed," bears further consideration. It is true that claimant made that report on January 22, 2016 and that it indicates improvement in condition. However, a fuller reading of Dr. Rambo's notes cast doubt that this one positive report is a legitimate reason to reject Dr. Rambo's opinion. Even that day, claimant also reported that her continuing depression was "comprised of low energy, low motivation to engage in activities, decreased interest in life, isolative behaviors." (A.R. 513). More importantly, the progress notes between that date and the date of Dr. Rambo's report on June 14, 2016 demonstrate that the January 22, 2016 note is not representative of Plaintiff's mental state. Dr. Rambo's progress note on March 11, 2016 reports "Patient states that she has experienced abrupt onset of heightened depression over the past 1 week with no clear precipitant. States that she had significant, ongoing, chronic pain. . . Patient states that over this past 1 week, she has felt depressed with low energy, low motivation to engage in activities, decreased interest in life, troubles sleeping, + thoughts of death with thoughts of committing suicide by overdosing on PO medications or insulin so that she would 'go to sleep and not wake up.'" (A.R. 510). Then, the following note on May 11, 2016 explains "Patient states that she was psychiatrically hospitalized x 1 week on

5150 due to DTS during the final week of April 2016. States that she was suffering from severe depression, feelings of worthlessness, hopelessness, and helplessness. She felt that she was 'ready to die' and had devised a suicidal plan. . . . Patient states that she continues to experience suicidal ideation. States that her life has felt meaningless since she stopped working 3 years ago. . . . Had not found meaning in her life since stopping that work. . . . Patient states that she continues to feel that she has no reason for living . . . ." (A.R. 504). In light of these notes, which are dated after the progress note cited by the ALJ and closer in time to Dr. Rambo's opinion, the ALJ's citation to the one part of one progress note is not a specific and legitimate reason supported by substantial evidence in the record for rejecting Dr. Rambo's opinion.

Plaintiff also challenges the ALJ's rejection of the opinion of treating physician Dr. Popper. Dr. Popper (with assistance from clinician Devin Kowakzk) submitted a Mental Residual Functional Capacity Medical Source Statement on December 17, 2015, which opined that Plaintiff suffered from numerous mental impairments that precluded performance of 15% or more of an 8-hour work day. (A.R. 364-367). Dr. Popper also submitted a letter dated July 6, 2016 to the ALJ stating that "[h]er current depression as well as her chronic medical conditions (chronic pain, diabetes and neuropathy), impair her ability to perform any type of work related activity in a professional or non-professional capacity." (A.R. 691).

The ALJ assessed Dr. Popper's opinions as follows:

> This opinion was given little weight because there was inadequate explanation for such exaggerated and extreme restrictions, this opinion was inconsistent with the medical record, course of treatment, signs and symptoms, and daily activities of the claimant such as her bible study attendance and participation. This opinion was also inconsistent with the opinions of State agency medical consultants and the overall evidence of record.

(A.R. 32).

The ALJ does not provide any citations in this section. The ALJ does not point to any specific medical record that is inconsistent with Dr. Popper's opinion. Regarding Plaintiff's course of treatment, Dr. Popper explains that Plaintiff "has attended weekly, individual psychotherapy sessions with this writer since December 18, 2014 until the present [July 6, 2016]." (A.R. 691). Contrary to the ALJ's opinion, this course of treatment appears consistent

with Dr. Popper's conclusions. Similarly, there is nothing inconsistent with attending bible study and Dr. Popper's opinion. It is worth noting that elsewhere in the ALJ's opinion, the ALJ explains that Plaintiff "described daily activities that were fairly limited" and that "the claimant's reported limited daily activities were considered outweighed by the other factors discussed in this decision," which indicates that the ALJ found Plaintiff's daily activities to be consistent with Plaintiff's alleged impairments. (A.R. 27-28). Finally, while it is relevant that Dr. Popper's opinion was inconsistent with the opinions of state agency medical consultants, that is not sufficient reason to reject them. As described above, treating physicians are entitled to more weight than consulting opinions, and those consulting opinions were rendered before Plaintiff's psychiatric hospitalization. Furthermore, Dr. Popper's opinion was consistent with the opinion of Plaintiff's other treatment physician, Dr. Rambo, as described above. The Court thus concludes that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Popper's opinion.

Finally, Plaintiff challenges the ALJ's rejection of Plaintiff's testimony. The Ninth Circuit has held as follows regarding an ALJ's rejection of claimant testimony:

> The ALJ conducts a two-step analysis to assess subjective testimony where, under step one, the claimant "must produce objective medical evidence of an underlying impairment" or impairments that could reasonably be expected to produce some degree of symptom. *Smolen,* 80 F.3d at 1281–82. If the claimant meets this threshold and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1281, 1283–84. The ALJ may consider many factors in weighing a claimant's credibility, including "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities."

*Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008).

Here, the ALJ stated as follows regarding Plaintiff's subjective testimony:

> After careful consideration of the evidence, the undersigned found that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely

> consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> To start, the undersigned considered the claimant's allegations regarding her activities of daily living. Although she described daily activities that were fairly limited, two factors weighed against considering these allegations to be strong evidence in favor of finding the claimant disabled. First, allegedly limited daily activities could not be objectively verified with any reasonable degree of certainty. Secondly, even if the claimant's daily activities were truly as limited as alleged, it was difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision. Overall, the claimant's reported limited daily activities were considered outweighed by the other factors discussed in this decision.

(A.R. 27-28). These paragraphs alone are insufficient to discredit Plaintiff's subjective complaints. The first paragraph is merely a conclusion. The second paragraph indicates that Plaintiff's activities of daily living are in fact consistent with her testimony.

The ALJ goes on to extensively summarize the record, sometimes summarizing one piece of evidence and then a directly contrary piece of evidence. For example, the ALJ states that "[t]he claimant was cooperative and non-suicidal. She had appropriate mood and affect, and normal judgment," immediately followed by "[t]he claimant received inpatient psychiatric treatment from May 8, 2015 through May 14, 2015 due to suicidal ideation." (A.R. 29). What is missing from this very lengthy recitation of facts are specific instances where the evidence or Plaintiff's own statements contradicted her testimony. Merely pointing to certain notes with positive signs or tests falls short of a clear and convincing reason to discount Plaintiff's testimony about her subjective symptoms.

In conclusion, the ALJ's RFC as it reflected limitations related to Plaintiff's mental impairments is not supported by substantial evidence because the ALJ's rejection of Plaintiff's two treating mental health physicians and Plaintiff's own testimony about her mental health were insufficient.

Plaintiff only asks for remand in order to more fully consider the record in light of this opinion, and not for an award of benefits. For the foregoing reasons, Plaintiff's request for remand is granted.

Accordingly, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: **January 7, 2019**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE